Leonard R. SABATINE, Appellant

v.

**LOWER MT. BETHEL TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 1, 2008.

Decided Sept. 18, 2008.

---

Wieslaw T. Niemoczynski, Stroudsburg, for appellant.

Trisha M. Majumdar, Allentown, for appellee.

BEFORE: LEADBETTER, President Judge, FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Leonard R. Sabatine (Sabatine) appeals from an order of the Court of Common Pleas of Northampton County (trial court) which denied his petition for review from the decision of the Uniform Construction Code Board of Appeals Slate Belt Council of Governments (Board) which sustained the violation notice issued by the Building Code Official (Official) of Lower Mount Bethel Township (Township). We affirm.

On November 9, 2006, the Official issued a violation notice to Sabatine because of his failure to obtain a building permit. A "stop work order" was issued pursuant to the Uniform Construction Code (Code), 34 Pa.Code. § 403.81 with regard to a flood curtain retaining wall erected on property owned by Sabatine at 5238 South Delaware Drive. Sabatine was ordered to immediately cease all use of the structure and apply for and receive permits for construction.

Sabatine appealed the violation notice to the Board. At the hearing, the Official testified that an inspection of Sabatine's commercial property revealed the construction of precast concrete blocks, approximately three feet by five feet in size containing rebar which were permanently affixed to the ground with footers. The concrete blocks, referred to as gates are above ground level in excess of four feet. According to the Official, the excavation for placement of the concrete blocks was below grade and the blocks were cemented or grouted together and were not removable.

Sabatine testified that the concrete blocks are designed to hold removable gate sections in the event of a flood. He confirmed that the blocks are concrete with rebar inside and are not removable.

The Board determined that the construction which occurred on Sabatine's property was governed by the Pennsylvania Construction Code Act (Act) and the regulations adopted by the Pennsylvania Department of Labor and Industry (Department) and that the construction at issue, consisting of precast blocks three feet by five feet in size, containing rebar, permanently affixed to the land with footers and gates above the ground level in excess of four feet, required a permit.[1] Specifi-

---

1. Act of November 10, 1999, P.L. 491, as amended, 35 P.S. §§ 7210.101–7210.1103.

cally, for a commercial property like Sabatine's, 34 Pa.Code § 403.42(a), provides that "[a]n owner or authorized agent who intends to construct, enlarge, alter, repair, move, demolish or change the occupancy of a commercial building, structure and facility ... shall first apply to the building code official and obtain the required permit...." Only retaining walls less than four feet are exempt from the permit requirement in accordance with 34 Pa.Code § 403.42(c)(iii).

Sabatine appealed to the trial court, arguing that the Act is only applicable to buildings, not structures. The trial court affirmed the Board's determination that the Act and its regulations governed construction of the structure on Sabatine's property. This appeal followed.[2]

On appeal, Sabatine argues that the Act does not apply to the construction on his property, as such does not constitute a building. Specifically, Section 104(a) of the Act, 35 P.S. § 7210.104(a), states that the Act applies "to the construction, alteration, repair and occupancy of all buildings in this Commonwealth." Sabatine argues that the item at issue on his property is a structure, not a building and that the Act and regulations promulgated thereunder are not applicable. We disagree.

We initially observe that the Act was enacted in 1999 to establish uniform and modern construction standards throughout the Commonwealth. Section 102 of the Act, 35 P.S. § 7210.102; *Modular Building Systems Association v. Department of Labor and Industry*, 858 A.2d 686, 688 (Pa.Cmwlth.2004). Pursuant to the Act, the Department promulgated the Code,

which applies to the "construction, alteration, repair, movement, equipment, removal, demolition, location, maintenance, occupancy or change of occupancy of every building or **structure** which occurs on or after April 9, 2004...." 34 Pa.Code § 403.1(a)(emphasis added); *Modular Building Systems Association*, 858 A.2d at 688.

Although the Act does not define either building or structure, such definitions are contained in the Code. In accordance with 34 Pa.Code § 401.1, a building is "[a] structure used or intended for supporting or sheltering any occupancy." A structure is defined in 34 Pa.Code § 401.1, as "[a] combination of materials that are built or constructed with a permanent location or attached to something that has a permanent location." In accordance with 34 Pa. Code § 401.1, the item on Sabatine's property, described as a retaining wall, which is permanently affixed to the ground, is a structure. As such, Sabatine was required to obtain a permit for its construction in accordance with 34 Pa.Code § 403.42(a).

Sabatine nonetheless argues that because Section 104(a) of the Act only mentions buildings, his structure is not governed by the Act. A further reading of Section 104 evidences that the Act is also applicable to structures. Specifically, as to permits, Section 104 states that "a construction permit issued under valid construction regulations prior to the effective date of the regulations issued under this act shall remain valid, and the construction of any building or **structure** may be completed pursuant to and in accordance with the permit." Section 104(c)(1) of the Act,

---

**2.** Where, as here, the trial court does not take additional evidence, this court's review of the Board's determination is limited to determining whether constitutional rights were violated, whether the decision was rendered in accordance with the law, and whether necessary findings of fact are supported by substantial evidence. *Bologna v. Pennsylvania Department of Labor and Industry*, 816 A.2d 407 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 574 Pa. 755, 830 A.2d 976 (2003).

35 P.S. § 7210.104(c)(1) (emphasis added). The Act further provides that "[w]here construction of a building or **structure** commenced before the effective date of the regulations promulgated under this act and a permit was not required at that time, construction may be completed without a permit." Section 104(c)(2) of the Act, 35 P.S. § 7210.104(c)(2) (emphasis added).

Moreover, the fact that the Act governs building and structures is evidenced by the Act's "[l]egislative findings and purpose." Specifically, the General Assembly found that "[m]any municipalities within this Commonwealth have no construction codes to provide for the protection of life, health, property and the environment and for the safety and welfare of the consumer, general public and the owners and occupants of buildings and **structures.**" Section 102(a) of the Act, 35 P.S. § 7210.102(a) (emphasis added). Further, the "[i]ntent and purpose" of the Act is to "provide standards for the protection of life, health, property and environment and for the safety and welfare of the consumer, general public and the owners and occupants of buildings and **structures.**" Section 102(b)(1) of the Act, 35 P.S. § 7210.102(b)(1) (emphasis added).

We agree with the Board and the trial court that the item on Sabatine's property is a structure which is governed by the Act and its accompanying regulations and that, in accordance the Act and regulations, a permit was required for its construction.

In accordance with the above, the decision of the trial court is affirmed.

### *O R D E R*

Now, September 18, 2008, the Order of the Court of Common Pleas of Northampton County, in the above-captioned matter, is affirmed.